**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| JPS Composite Materials Corp.,<br><br>          Plaintiff,<br><br>vs.<br><br>KDH Defense Systems, Inc.,<br><br>          Defendant. | Case No: 8:11cv2907-HMH<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff JPS Composite Materials Corp. ("JPS") files this Complaint against Defendant KDH Defense Systems, Inc. ("KDH") and alleges as follows:

**INTRODUCTION**

1.  This case arises out of goods that KDH purchased from JPS but then failed to pay for, despite having been paid for the same goods by its own customer, the U.S. Government. JPS manufactured those goods to KDH's precise specifications, shipped those goods in a timely manner, and stands ready to ship the goods remaining on the binding and accepted Purchase Orders underlying this dispute. KDH refuses to pay for the goods shipped and has purported to cancel the subject Purchase Orders going forward, on the supposed ground that JPS's goods had quality problems. That is false. JPS's goods met all the agreed-upon specifications. In fact, KDH has explicitly stated *in writing* to the *U.S. Military* that JPS's goods *do* meet the agreed-upon specifications. There is no basis for KDH's refusal to pay for the goods shipped or to cancel the binding and accepted Purchase Orders going forward. JPS brings this action to enforce KDH's clear contractual obligations to JPS.

1

**PARTIES AND JURISDICTION**

2.JPS is a Delaware corporation with its principal place of business in South Carolina.

3.KDH is a Pennsylvania corporation with its principal place of business in North Carolina.

4.This Court has subject matter jurisdiction over JPS's claims pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5.This Court has personal jurisdiction over KDH and venue is proper here because, among other reasons, KDH entered into contractual relationships with JPS in Anderson, South Carolina; KDH knew that the contracts would be performed here – i.e., the goods it was purchasing from JPS would be manufactured in JPS's facility in Anderson, South Carolina; KDH sent its representatives to JPS's facility in Anderson, South Carolina concerning the manufacturing process and goods at issue here; JPS manufactured the goods at issue in its Anderson, South Carolina facility; KDH regularly communicated with JPS's representatives in Anderson, South Carolina concerning the orders underlying this case; and KDH has injured JPS in Anderson, South Carolina.

**GENERAL ALLEGATIONS**

6.JPS has a long and successful track record of manufacturing specialized woven Kevlar fabrics which are a key component in military applications, specifically military body armor. JPS sells its specialized fabric to military contractors who use it to manufacture such body armor, which the contractors then sell to the various branches of the United States military and other customers.

2

7. The JPS facility that manufactured the fabric at issue in this action has been operating for 48 years and producing Kevlar fabric for 37 years, and has produced approximately 70 million yards of such fabric during that time period.

8. KDH is a defense contractor that makes body armor to supply to the military. KDH has been manufacturing body armor for about 8 years. KDH specified the construction requirements of the fabrics manufactured by JPS, which are non-standard and unique to KDH.

9. On December 10, 2010, KDH issued to JPS Purchase Order No. IMTV 032 for Kevlar fabric for a total price of $22,630,661.56. Purchase Order No. IMTV 032, in the description portion, expressly references and incorporates the specifications that the parties agreed the goods must meet.

10. JPS accepted Purchase Order No. IMTV 032 and issued its Order Confirmation on January 18, 2011. The Order Confirmation expressly stated that the transaction was governed by JPS's terms and conditions which accompanied the confirmation. All invoices sent with the shipments also confirmed in writing that JPS's terms and conditions governed.

11. JPS shipped certain of the goods that were the subject of Purchase Order No. IMTV 032, in accordance with the release schedules requested by KDH, and it stands ready to ship the remainder of such goods.

12. On April 29, 2011, KDH issued to JPS Purchase Order No. IOTV14-012 for Kevlar fabric for a total price of $17,835,941.56. Purchase Order No. IOTV14-012, in the description portion, expressly references and incorporates the specifications that the parties agreed the goods must meet.

13. JPS accepted Purchase Order No. IOTV14-012 and issued its Order Confirmation on May 2, 2011. The Order Confirmation expressly stated that the transaction was governed by

JPS's terms and conditions which accompanied the confirmation. All invoices sent with the shipments also confirmed in writing that JPS's terms and conditions governed.

14. JPS shipped certain of the goods that were the subject of Purchase Order No. IOTV14-012, in accordance with the release schedules requested by KDH, and it stands ready to ship the remainder of such goods.

15. As of June 8, 2011, KDH issued to JPS Purchase Order No. IOTV-D0005 for Kevlar fabric for a total price of $9,631,279.00.

16. Purchase Order No. IOTV-D0005, in the description portion, expressly references and incorporates the specifications that the parties agreed the goods must meet.

17. JPS accepted Purchase Order No. IOTV-D0005 and issued its Order Confirmation on August 4, 2011. The Order Confirmation expressly stated that the transaction was governed by JPS's terms and conditions which accompanied the confirmation. All invoices sent with the shipments also confirmed in writing that JPS's terms and conditions governed.

18. JPS shipped certain of the goods that were the subject of Purchase Order IOTV-D0005, in accordance with the release schedules requested by KDH, and it stands ready to ship the remainder of such goods.

19. As part of these Purchase Orders, JPS was required to certify, and did certify, that the products it shipped met the agreed-upon specifications. JPS provided all such documentation to KDH.

20. KDH claims that JPS's goods had quality issues. That is not correct. JPS's goods were well within all of the agreed-upon specifications and had no quality issues.

21.     In fact, KDH expressly confirmed in writing to the U.S. Military that JPS's goods were well within specifications. In its written report dated September 26, 2011, KDH stated to the U.S. Military:

- "All test data related to [JPS's] ballistic fabric fell within the acceptable limits."
- "All data appeared to be significantly within supplier specifications and tolerances."
- "All values were well within JPS Minimum specification for all samples"

22.     Nevertheless, KDH has failed and refused to pay the full amounts owed for goods shipped and it has purported to cancel the remainder of the binding and accepted Purchase Orders.

23.     KDH has stated to JPS that it desires to substitute a different fabric manufactured by a competitor in place of JPS's product, despite the facts that (a) KDH is contractually obligated to purchase from JPS, (b) JPS has already manufactured and shipped goods ordered by KDH and is awaiting overdue payments, (c) JPS is already in the process of manufacturing customer-specific goods ordered by KDH, which cannot be used for any other customer, (d) JPS has already sourced customer-specific raw materials for goods ordered by KDH, which cannot be used for any other customer, and (e) JPS has scheduled manufacturing of goods ordered by KDH.

24.     KDH's refusal to pay the amounts outstanding and its wrongful purported cancellation of the Purchase Orders has caused significant damage to JPS, and JPS seeks redress against KDH in this action.

25.     Specifically, the Purchase Orders described above were for programs for the U.S. Army and U.S. Marines. JPS has been damaged by KDH's breaches of its contractual obligations in the following amounts:

- Army Program:  Not less than **$9,877,161.00**

- Marines Program:  Not less than **$3,644,860.00**

    Total:  Not less than **$13,522,021.00**

### FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

26.     JPS reiterates and realleges the above allegations.

27.     The Purchase Orders, as confirmed by JPS's Order Confirmations and invoices which incorporated JPS's terms and conditions, are enforceable contracts between JPS and KDH.

28.     KDH breached those contracts by failing to make full and timely payment for goods supplied (as to goods supplied for the Army Program) and by improperly purporting to cancel the balance of the Purchase Orders (as to the Purchase Orders for both the Army and Marines Programs).

29.     KDH's breaches of its contractual obligations to JPS have damaged JPS in an amount not less than $13,522,021.00, plus costs, attorneys' fees, interest, and all other amounts to be proven at trial.

### FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

30.     JPS reiterates and realleges the above allegations.

31.     At KDH's request, JPS supplied valuable goods to KDH for which KDH has not paid.  JPS expended large sums of money at KDH's behest to manufacture and prepare to ship the goods that were designed by and are unique to KDH and were made for KDH by JPS in reliance on the contractual documents described above.  Thus, JPS has afforded great benefits to KDH and it would be inequitable under the circumstances for KDH to retain such benefits

without paying for them.  Further, JPS has passed on other business opportunities because of its commitment to KDH to manufacture the products that KDH ordered.

32. JPS seeks judgment against KDH in an amount not less than $13,522,021.00, plus costs, attorneys' fees, interest, and all other amounts to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, JPS prays that the Court enter judgment against KDH in an amount not less than $13,522,021.00, plus costs, attorneys' fees, interest, and all other amounts to be proven at trial, and grant such other and further relief to JPS as the Court deems just and proper.

**JPS respectfully demands a jury trial.**

Respectfully submitted,

s/David H. Koysza
David H. Koysza (9893)
Martin M. Tomlinson (10869)
WYCHE, P.A.
44 East Camperdown Way
Greenville, South Carolina 29601-3512
Telephone: (864) 242-8384
Facsimile:  (864) 235-8900
Email: dkoysza@wyche.com;
mtomlinson@wyche.com

Attorneys for Plaintiff
JPS COMPOSITE MATERIALS CORP.

October 26, 2011